RECORD NO. 16-2187

In The

# United States Court of Appeals

### For The Fourth Circuit

## BRYON GOSSARD, d/b/a Gilbert Indoor Range, LLC,

*Petitioner-Appellant,*

**v.**

## MICHAEL FRONCZAK, Director of Industry Operations, U.S. Bureau of Alcohol, Tobacco, Firearms and Explosives,

*Respondent-Appellee.*

### ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND AT GREENBELT

––––––––––––––––––

### BRIEF OF APPELLANT

––––––––––––––––––

Athan T. Tsimpedes
TSIMPEDES LAW FIRM
1200 New Hampshire, NW, Suite725-A
Washington, DC  20036
(202) 464-9910

*Counsel for Appellant*

UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
DISCLOSURE OF CORPORATE AFFILIATIONS AND OTHER INTERESTS

Disclosures must be filed on behalf of <u>all</u> parties to a civil, agency, bankruptcy or mandamus case, except that a disclosure statement is **not** required from the United States, from an indigent party, or from a state or local government in a pro se case.  In mandamus cases arising from a civil or bankruptcy action, all parties to the action in the district court are considered parties to the mandamus case.

Corporate defendants in a criminal or post-conviction case and corporate amici curiae are required to file disclosure statements.

If counsel is not a registered ECF filer and does not intend to file documents other than the required disclosure statement, counsel may file the disclosure statement in paper rather than electronic form.  Counsel has a continuing duty to update this information.

No. __16-2187__      Caption: __Bryon Gossard v. Michael Fronzak__

Pursuant to FRAP 26.1 and Local Rule 26.1,

__Bryon Gossard__
(name of party/amicus)

_____

 who is _____Appellant_____, makes the following disclosure:
(appellant/appellee/petitioner/respondent/amicus/intervenor)

1.      Is party/amicus a publicly held corporation or other publicly held entity?    ☐ YES ☑ NO

2.      Does party/amicus have any parent corporations?                               ☐ YES ☑ NO
        If yes, identify all parent corporations, including all generations of parent corporations:

3.      Is 10% or more of the stock of a party/amicus owned by a publicly held corporation or other publicly held entity?                                                    ☐ YES ☑ NO
        If yes, identify all such owners:

4.    Is there any other publicly held corporation or other publicly held entity that has a direct financial interest in the outcome of the litigation (Local Rule 26.1(b))?    ☐YES ☑NO
If yes, identify entity and nature of interest:

5.    Is party a trade association? (amici curiae do not complete this question)    ☐YES ☑NO
If yes, identify any publicly held member whose stock or equity value could be affected substantially by the outcome of the proceeding or whose claims the trade association is pursuing in a representative capacity, or state that there is no such member:

6.    Does this case arise out of a bankruptcy proceeding?    ☐YES ☑NO
If yes, identify any trustee and the members of any creditors' committee:

Signature:  /s/ Athan Tsimpedes                    Date:    November 10, 2016

Counsel for:  Appellant

## CERTIFICATE OF SERVICE
****************************

I certify that on  November 10, 2016  the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below:

/s/ Athan Tsimpedes                         November 10, 2016
(signature)                                        (date)

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ...................................................................... iii-vi

STATEMENT OF SUBJECT MATTER AND
APPELLATE JURISDICTION ................................................................. 1

STATEMENT OF THE CASE ............................................................... 1-5

SUMMARY OF THE ARGUMENT ......................................................... 5

ARGUMENT ......................................................................................... 9

    A.    Standard of Review ...................................................................... 9

    B.    ATF's Motion Did Not Have a Proper Supporting Affidavit or
           Other Record Evidence That is Admissible ...................................... 10

          i.    In the Fourth Circuit, materials considered in summary
               judgment must be authenticated. ........................................... 13

               a.    *Fourth Circuit jurisprudence regarding the Rule
                     56 evidentiary standard uses broad language,
                     indicating application to both moving and non-
                     moving parties.* ...................................................... 13-15

               b.    *Documents considered on summary judgment must
                     be authenticated; the Court must have evidence
                     that documents are what they purport to be.* ............ 15-17

               c.    *Affidavits or Declarations can provide the
                     requisite authentication for documents considered
                     at summary judgment* .......................................... 17-20

               d.    *Other United States Courts of Appeals also require
                     that all materials submitted on summary judgment
                     are authenticated.* .................................................. 21

i

C.    There is a genuine dispute of material fact as to whether Gossard is a Straw Man ................................................................ 22-24

D.    Summary Judgment Without Discovery ...............................................24

E.    Collusion and Manufacturing of Evidence .........................................25

F.    Court Abused Its Discretion by Denying the Motion for Reconsideration......................................................................................28

CONCLUSION ...............................................................................................28

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF FILING AND SERVICE

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

Anderson v. Liberty Lobby, Inc.,
    477 U.S. 242 (1986) ......................................................................... 6-10, 24

Article II Gun Shop, Inc. v. Ashcroft,
    No. 03-4598, 2005 WL 701053 (N.D. Ill. Mar.25, 2005) ..............................6

B & J Enter. v. Giordano,
    329 Fed. Appx. 411 (4th Cir. 2009) ............................................................18

Beale v. Hardy,
    769 F.2d 213 (4th Cir. 1986) ...................................................................6,10

Celotex Corp. v. Catrett,
    477 U.S. 317 (1986) .................................................................9,10,12,18,24

DeBlois v. Gensel,
    No. CCB-07-2596, 2009 WL 2713947 (D. Md. Aug. 26, 2009) ........15,18,19

DiMartino v. Buckles,
    129 F. Supp. 2d 8247 (D. Md. 2001) ............................................................6

Felty v. Grave-Humphreys Co.,
    818 F.2d 1126 (4th Cir. 1987) .....................................................................10

Francis v. Booz, Allen & Hamilton, Inc.,
    452 F.3d 299 (4th Cir. 2006) .........................................................................9

Garside v. Osco Drug, Inc.,
    895 F.2d 46 (1st Cir. 1990) .........................................................................21

Global Policy Partners v. Yessin,
    No. 1:09cv859, 2010 WL 675241 (E.D. Va. Feb. 18, 2010) .......................17

Goguen ex rel. Estate of Goguen v. Textron, Inc.,
    234 F.R.D. 13 (D. Mass. 2006) ................................................................21

Greensboro Prof'l Fire Fighters Ass'n Local 3157 v. Greensboro,
    64 F.3d 962 (4th Cir. 1995)...................................................................16

Harrods Ltd. v. Sixty Internet Domain Names,
    302 F.3d 214 (4th Cir. 2002)...................................................................8

Haybarger v. Lawrence Cnty. Adult Prob. & Parole,
    667 F.3d 408 (3d Cir. 2012) ................................................................ 7-8

Hayes v. North State Law Enforcement Officers Ass'n,
    10 F.3d 207 (4th Cir. 1993).................................................................25

Lorraine v. Markel Am. Ins. Co.,
    241 F.R.D. 534 (D. Md. 2007) ........................................... 15-18, 20

Martin v. John W. Stone Oil Distrib., Inc.,
    819 F.2d 547 (5th Cir. 1987)........................................... 15-16, 19-20

Maryland Highways Contractors Ass'n. Inc., v. Maryland,
    933 F.2d 1246 (4th Cir. 1991)...............................................................17

Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,
    475 U.S. 574 (1986) ...............................................................................6

Meyers v. Lazer Spot, Inc.,
    No. L-05-3407, 2008 WL 2609386 (D. Md. June 25, 2008) ..................15,18

Miskin v. Baxter Healthcare Corp.,
    107 F. Supp. 2d 669 (D. Md. 1999) ......................................................15

Orsi v. Kirkwood,
    999 F.2d 86 (4th Cir. 1993)..................................................................

Paddington Partners v. Bouchard,
    34 F.3d 1132 (2d Cir. 1994)..................................................................

iv

Pasternak v. Lear Petrol. Exploration, Inc.,
    790 F.2d 828 (10th Cir. 1986)........................................................8

Rohrbaugh v. Wyeth Labs., Inc.,
    916 F.2d 970 (4th Cir. 1990)........................................................25

Spriggs v. Diamond Auto Glass,
    242 F.3d 179 (4th Cir. 2001)........................................................9

Stanley Martin Co., Inc. v. Universal Forest Prod. Shoffner, LLC,
    396 F. Supp. 2d 606 (D. Md. 2005) ................................. 15-16, 19

Stein's Inc. v. Blumenthal,
    649 F.2d 463 (7th Cir.1980)........................................................6

Temkin v. Frederick County Comm'rs,
    945 F.2d 716 (4th Cir. 1991), cert. denied,
    502 U.S. 1095 (1992). ...............................................................24

United States Dep't. of Housing and Urban Affairs v.
Cost Control Mktg. & Sales Mgmt. of Virginia, Inc.,
    64 F.3d 920 (4th Cir. 1995)........................................................17

Walker v. Wayne Cnty, Iowa,
    850 F.2d 433 (8th Cir. 1988)......................................................21

Woods v. City of Chicago,
    234 F.3d 979 (2d Cir. 2000)......................................................21

## STATUTES

18 U.S.C. § 923(a) ...................................................................................1

18 U.S.C. § 923(d) ...................................................................................2

18 U.S.C. § 923(f) ....................................................................................5

18 U.S.C. § 923(f)(3) ................................................................................5

28 U.S.C. § 1291 ......................................................................................1

## RULES

Fed. R. Civ. P. 56 ...................................................................12-14, 17-22,

Fed. R. Civ. P. 56(B) .............................................................................18

Fed. R. Civ. P. 56(c) ..............................................................................17

Fed. R. Civ. P. 56(c)(1)(A) .....................................................................17

Fed. R. Civ. P. 56(c)(4) ..................................................................7, 14,22

Fed. R. Civ. P. 56(d) ................................................................................8

Fed. R. Civ. P. 56(e) ..............................................................................18

Fed. R. Civ. P. 56(f) ...............................................................................25

Fed. R. Evid. 901 ..............................................................................

## OTHER AUTHORITY

Wright & Miller, Federal Practice and Procedure § 2727 (2010) ..........................16

## STATEMENT OF SUBJECT MATTER AND
## APPELLATE JURISDICTION

The United States District Court for the State of Maryland had jurisdiction

pursuant to 18 U.S.C. § 923(f)(3).

Appellate Jurisdiction from the district court's order resides in 28 U.S.C. §

1291. The district court Order granting summary judgment in the Respondent's

favor was entered by Order on June 30, 2016 and the memorandum opinion

denying the Petitioner's Motion for Reconsideration was entered on August 10,

2016. (J.A. 1051; 1601-64).

## STATEMENT OF THE CASE

The Gun Control Act of 1968, ("GCA"), Pub. L. No. 90-618, 82 Stat. 1213

(1968), requires any individual seeking to engage in the business of selling

firearms to first obtain a Federal Firearms License ("FFL") from the United States

Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"). 18 U.S.C. §

923(a) (2012).  On June 8, 2012, Petitioner Bryon Gossard applied for an FFL

through an approved business entity GIR, LLC (GIR) that would permit him to sell

firearms at Gilbert Indoor Range (the "Range"), a shooting range located at 14690

Rothgeb Drive, Rockville, Maryland. At the time, Gossard worked at the Range

and the GIR business would be operated distinctly and outside of his work hours at

the Range. (J.A. 10-36; 53). The Range is owned by Charles R. Gilbert (Gilbert), a

1

former FFL holder whose GCA violations led to his FFL revocation (Id.). Gilbert

is the sole owner of the business entity Burgundy Park Associates, LLC which is

the sole owner of the real property in which the Range operates.  The ATF denied

the application, in part, because of Gossard's relationship with Gilbert. (J.A. 1051).

Petitioner Bryon Gossard challenged the denial of his FFL application by

Respondent Michael Fronczak, Director of Industry Operations for ATF's

Baltimore Field Division bringing the mater before the United States District Court

for Review (Id.)  On March 24, 2015, Bryon Gossard sought review of the decision

by the United States Bureau of Alcohol, Tobacco, Firearms and Explosives

("ATF") to deny his application for a Federal Firearms License ("FFL") before the

United States District Court for the State of Maryland. (J.A. 870; 900 ). The ATF

filed a motion for summary judgment. (J.A. 872). The Court held a hearing on the

Motion on June 17, 2016.  On June 30, 2016, the Court issued a Memorandum

Opinion and Order granting ATF's, Michael Fronczak's, Motion for Summary

Judgment and dismissing this case. (J.A. 1051). After conducting a *de novo* review

of ATF's decision, the Court found that ATF was authorized under 18 U.S.C. §

923(d) to deny Gossard's FFL application because that application failed to list

Charles R. Gilbert as a "responsible person" in Gossard's proposed firearms

business. (J.A. 1061) On July 28, 2016, Gossard filed a Motion for

Reconsideration under Federal Rule of Civil Procedure 59(e). ECF No. 39. (J.A.

1052). On August 20, 2016 the Motion for Reconsideration was denied. (J.A. 1061). The related case incorporated herein with special emphasis that establishes the wrongful conduct of the ATF towards Gossard in application process and denying the petitioner his FFL application and that a genuine dispute of material fact existed as to whether Gilbert was a responsible person required to be named on the application or that Gossard was a marijuana user at the time of his application the making the denial of his application and summary judgment inappropriate.   (J.A. 10-57; 767; 773; 942; 948).

On June 8, 2012, Gossard through GIR, LLC applied for an FFL to sell firearms at the Range and was denied. (JA 428; 900) Gossard applied for an FFL on behalf of GIR LLC. About two months earlier, on April 12, 2012, he had purchased the right to use the name "Gilbert Indoor Range LLC" a dormant business from Gilbert for one dollar as the business entity was dormant and the parties had entered into a contingent agreement with lease payments that took into consideration the unique business opportunity to sell firearms to only members of the Range through an approved business entity. (J.A. 841; 942; 948). The FFL application required Gossard to list all "responsible persons" at GIR LLC. (J.A. 767). The application's instructions defined a responsible person as "any individual possessing, directly or indirectly, the power to direct or cause the direction of the management, policies, and practices of the corporation, partnership, or association,

3

insofar as they pertain to firearms." (J.A. 773).  Gossard identified himself as the

only responsible person for GIR. (J.A. 767-768). In response to another application

question, Gossard stated that he was not an unlawful user of marijuana. (Id.).  Of

note, the District Court granted summary judgment in favor of the ATF only on the

issue that Gilbert was a responsible person not named on the application base don

the substantial record standard.  The ATF witnesses who were motivated by greed

and to obtain favoritism by the ATF to unlawfully compete with Gossard, Ted

Sabate ("Sabate"), Andrew Raymond ("Raymond") and a disgruntled former

employee Greg Miller ("Miller") supervised by Gossard, are incredulous and either

admitted users of marijuana (Ted Sabate and Greg Miller) or used alcohol while

possessing firearms to make threats against politicians. (J.A. 846; 942; 948**).** These

false witnesses knowingly relied upon and procured by the ATF unlawfully but

successfully causing the denial of Gossard's FFL. After their success, Raymond

has even sued Sabate for fraud regarding their business Engage Armament that

moved in close proximity and down the street of the Range to poach the business

from the members of the Range as Gossard had no ability to sell firearms to them

(J.A 181; 195; 272; 948; 1021)

ATF Industry Operations Investigator Gretchen Arlington was assigned to

investigate Gossard's Application. (J.A. 272-427).  At the time of Gossard's,

application, the ATF star witnesses Sabate and Raymond owned and operated

Engage Armament a business repairing and selling firearms through an FFL in Kensington, Maryland. Sabate and Raymond had a prior relationship with Gilbert in which their FFL was used and knew the value and profits to be had from firearm sales to members of the Range. (J.A 948). Sabate and Raymond sought favoritism from the ATF to unlawfully compete with Gossard and manufacture evidence against him which provided the foundation for the ATF's to allegedly flip flop and go from an approval to denial of Gossard's FFL. (J. A. 942; 948). On November 16, 2013, ATF investigator Gretchen Arlington came to inspect the premises and told Gossard his FFL application was approved and would give his FFL number when she returned to her office. (Id.; 330; 413).

In reliance upon Arlington's admission that Gossard's FFL was approved, Gossard immediately posted placards in which he placed in public spaces that he was approved and was awaiting his FFL number from the ATF to sell firearms to members of the Range. (J.A. 942; 948).

## SUMMARY OF THE ARGUMENT

GOSSARD challenges the ATF's denial of his license application pursuant to 18 U.S.C. § 923(f). The district court exercises de novo review. 18 U.S.C. § 923(f)(3). Under the de novo standard of review for a decision of the ATF, the district court may give the agency's finding and decision "'such weight

5

as it believes they deserve,' but need not accord any particular deference to those findings." See Article II Gun Shop, Inc. v. Ashcroft, No. 03-4598, 2005 WL 701053 (N.D. Ill. Mar.25, 2005) (quoting Stein's Inc. v. Blumenthal, 649 F.2d 463, 467 (7th Cir.1980)). Where appropriate, the reviewing court can receive and consider evidence in addition to that submitted in the administrative proceeding. See DiMartino v. Buckles, 129 F. Supp. 2d 824, 827 (D. Md. 2001). The court can grant summary judgment, however, without conducting an evidentiary hearing if it is clear from the pleadings and exhibits that no genuine issue of material fact exists. Id. The revocation "may be upheld if the court concludes, in its own judgment, that the evidence supporting the decision is 'substantial.'" See Stein's Inc. v. Blumenthal, 649 F.2d 463, 467 (7th Cir.1980).

To defeat a motion for summary judgment, the nonmoving party must come forward with affidavits or other similar evidence to show that a genuine issue of material fact exists. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). A disputed fact presents a genuine issue "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson, 477 U.S. at 248. Although the Court should believe the evidence of the nonmoving party and draw all justifiable inferences in his or her favor, a party cannot create a genuine dispute of material fact "through mere speculation or the building of one inference upon another." Beale v. Hardy, 769

6

F.2d 213, 214 (4th Cir. 1985). In this case, Gossard's sworn and under oath statements are not controverted by admissible evidence by the ATF that is proper to support Summary Judgment. Rather, the ATF provides knowingly unsworn or hearsay testimony of its witnesses Reid, Arlington, Sabate and Raymond that is not admissible or proper for supporting summary judgment but even if it could, Gossard's statements including the admission of Arlington that Gossard's FFL was approved creates at the very least a material fact in dispute that Gilbert is not a responsible party let alone establishes the clear need for discovery to flush out the facts on this and other issues to what amounts to a fraud upon the court that have been concealed through deceit or greed that include the star witnesses Sabate, Raymond and Miller to harm the rights of Gossard. (J.A. 942, 948).

An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated. See Rule 56(c)(4). This is lacking with the ATF who only provided a certification to support submitting the administrative record to the US District Court based not on personal knowledge but belief that is not proper to support its contents as admissible for purposes of summary judgment. (J.A. 871)  In regards to a summary judgment motion, a fact is material if proof of its existence or nonexistence "might affect the outcome of the suit." See <u>Haybarger v. Lawrence</u>

Cnty. Adult Prob. & Parole, 667 F.3d 408, 412 (3d Cir. 2012) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).

Pursuant to Fed. R. Civ. P. 56(d), a court may allow a nonmoving party additional time to take discovery if the nonmovant "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). "Generally speaking, 'summary judgment [must] be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." See Harrods Ltd. v. Sixty Internet Domain Names, 302 F.3d 214, 244 (4th Cir. 2002) (quoting Anderson, 477 U.S. at n.5). In particular, where the nonmovant has not been afforded an opportunity to take discovery, Rule 56(d) "is designed to safeguard against a premature or improvident grant of summary judgment." Pasternak v. Lear Petrol. Exploration, Inc., 790 F.2d 828, 833 (10th Cir. 1986).

In this case, petitioner was provided facts and circumstances that pre-existed his relationship with Gilbert for many years and was outside of his personal knowledge, that made summary judgment inherently unfair while clearly identifying the manufactured evidence and incredulous witnesses procured and presented by the ATF against Gossard to deny his application. (J.A. 942, 948, 330; 413). The ATF has not and cannot show that substantial evidence exists to support a finding that Mr. Gilbert is the responsible party

and/or that Petitioner is a habitual marijuana user (which was not supported by the District Court Order granting summary judgment) that was not disclosed on the Petitioner's FFL application. The evidence relied upon by the ATF to deny consists of unsworn or hearsay statements of Reid, Arlington, Andrew Young or Theodore Sabate an admitted drug and who owned Engaged Armament a competitor of Petitioner's. (J.A. 942; 948). In addition, the ATF denial of Petitioner's application included the affidavit of Gregory A. Miller, a former disgruntled employee of Gilbert and an admitted drug user who bought and sold firearms from Ted Sabate or Engage Armament, is so incredulous the District court did not even consider the ATF witness statements on Gossard's alleged marijuana use. (Id.; J.A. 181-264)

## ARGUMENT

### A.    Standard of Review

Summary judgment is proper if there are no issues of material fact and the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Francis v. Booz, Allen & Hamilton, Inc., 452 F.3d 299, 302 (4th Cir. 2006). A material fact is one that "might affect the outcome of the suit under the governing law." Spriggs v. Diamond Auto Glass, 242 F.3d 179, 183 (4th Cir. 2001) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). A dispute of material fact is only "genuine" if sufficient evidence favoring

the non-moving party exists for the trier of fact to return a verdict for that party. Anderson, 477 U.S. at 248-49. However, the nonmoving party "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." Beale v. Hardy, 769 F.2d 213, 214 (4th Cir. 1986). The Court may only rely on facts supported in the record, not simply assertions in the pleadings, in order to fulfill its "affirmative obligation . . . to prevent 'factually unsupported claims or defenses' from proceeding to trial." Felty v. Grave-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987) (citing Celotex, 477 U.S. at 323-24). When ruling on a motion for summary judgment, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson, 477 U.S. at 255.

### B.    ATF's Motion Does Not Have a Proper Supporting Affidavit or Other Record Evidence That is Admissible.

The ATF has failed to submit supporting affidavits or declarations that comply with Fed. R. Civ. P. 56. As stated more fully:

**(1) Supporting Factual Positions.** A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

> **(A)** citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motions only), admissions, interrogatory answers, or other materials; or

10

**(B)** showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact. and

C. (4) *Affidavits or Declarations.* An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

Fed. R. Civ. P. 56 (c)(1)(A),(B) and (c)(4). The ATF attempts support its summary judgment by unsworn statements from its witnesses at an ATF hearing that is supported by an unsworn certification that is intended to certify the administrative record submitted to the United States District Court for the State of Maryland for *denovo* review by the following statement: "I, Michael Fronczak, Director, Industry Operations, Baltimore Field Division, Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), United States Department of Justice, hereby certify that the accompanying documents constitute the official administrative record for ATF's denial of a Federal firearms license application submitted by Bryon Neil Gossard d/b/a Gilbert Indoor Range, LLC. This is insufficient to carry the authentication requirement let alone the admissibility requirement for documents or statements supporting summary judgment as further discussed herein.

While the record was certified for purposes of stating that is what it purports to be that of the administrative record it is insufficient to change the contents of the

11

record from hearsay to admissible or otherwise proper to support summary judgment by lacking the very requirements.

Federal Rule of Civil Procedure 56 provides the types of materials that may be submitted for the court's consideration, and they include: pleadings, depositions, answers to interrogatories, admissions, and any affidavits. Fed. R. Civ. P. 56; Celotex Corp., 477 U.S. at 323. Except for admissions, all of the materials Rule 56 allows in summary judgment are presented under oath.1 The oath, and the penalty of perjury which gives the oath its true power, gives the Court strong reason to believe that the materials supporting the motion or the opposition are authentic. In this case there is no dispute that the record is that of the ATF hearing but the question is that the statements when made were unsworn and therefore hearsay and not appropriate for summary judgment or were controverted by Gossard who did provide sworn statements in Opposition, in his application that he is the only responsible party and not a marijuana user which have not been challenged by affidavit and even if they were it would be a material fact in dispute which is not appropriate for summary judgment.  The court relied upon the record to support the ATF denial which was based primarily on hearsay statements of Gretchen Arlington, Lisa Reid, Theodore Sabate, and Lisa Reid.

The Rule 56 requirements for summary judgment "help assure the fair and prompt disposition of cases." Orsi, 999 F.2d at 91. "They also allow a district court

to ascertain, through criteria designed to ensure reliability and veracity, that a party has real proof of a claim before proceeding to trial." Id. The rationale behind the Rule 56 requirements shines brightly in applying Rule 56.  In this context, the materials offered in the ATF's Motion cannot meet the Rule 56 standard of authenticity.

Moving parties are not required to submit materials supporting their motions for summary judgment. However, the ATF rightly submitted supporting documents because those materials appear necessary to their argument and the satisfaction of their initial burden but are inadmissible or proper for summary judgment. In the absence of these supporting documents, the District Court has no basis to grant the ATF's Motion. However, the District Court should not have considered the materials in their current form. In failing to satisfy its initial burden, ATF cannot demonstrate the absence of a dispute of material fact.  In failing to satisfy its initial burden, the ATF cannot demonstrate the absence of a dispute of material fact, nor that the substantial record supports the denial of Gossard's application and therefore, the ATF motion should have been denied.

      i.     *In the Fourth Circuit, materials considered in summary judgment must be authentic.*

           a.     *Fourth Circuit jurisprudence regarding the Rule 56 evidentiary standard uses broad language, indicating application to both moving and non-moving parties.*

13

In the Fourth Circuit, there is ample jurisprudence regarding the quality of materials presented to a court by a party opposing a motion for summary judgment. See generally sections (B)(i)(b) and (c) below. However, the authority is less explicit on the requisite standard of evidence for documentary materials that a moving party submits. Although the authority is less explicit, courts in the Fourth Circuit consistently use broad language indicating application of the same standard to both the moving and non-moving parties at summary judgment.

The District of Maryland has also used broad language indicating this standard's equal application and is consistent with a revised Rule 56 that includes affidavits or declarations in support for proponents and opponents to summary judgment. Rule 56 (c)(4).

> b.   *Documents considered on summary judgment must be authenticated; the Court must have evidence that documents are what they purport to be.*

"It is well established that that unsworn, unauthenticated documents cannot be considered on a motion for summary judgment." Orsi, 999 F.2d at 92. See also DeBlois v. Gensel, No. CCB-07-2596, 2009 WL 2713947, at *6 (D. Md. Aug. 26, 2009) (documents considered on summary judgment must be "authenticated by either an affidavit or deposition"); Meyers v. Lazer Spot, Inc., No. L-05-3407, 2008 WL 2609386, at *4 (D. Md. June 25, 2008) (party may not rely on unauthenticated documents in support of summary judgment); Lorraine v. Markel Am. Ins. Co., 241 F.R.D. 534, 536, 541-42 (D. Md. 2007) ("unsworn, unauthenticated documents cannot be considered on a motion for summary judgment") (quoting Miskin v. Baxter Healthcare Corp., 107 F. Supp. 2d 669 (D. Md. 1999), also includes significant discussion of the standard for proving authenticity); Stanley Martin Co., Inc. v. Universal Forest Prod. Shoffner, LLC, 396 F. Supp. 2d 606, 612-13 (D. Md. 2005) (materials were admitted because they were sufficiently authenticated). The critical factor for authentication is demonstrating "through evidence ... a finding that the document is what the proponent claims." Stanley Martin Co., Inc., 396 F. Supp. 2d at 613 (citing Fed. R. Evid. 901). The question of how a document offered by a moving party may be authenticated was specifically addressed by the court in Stanley Martin. There, the

court recognized that if a document satisfied Fed. R. Evid. 901, it would be sufficiently authenticated for consideration on summary judgment. Id., at 612-13.. Like in Stanley Martin, it is critical here to know that the documents relied upon are what they purport to be and are admissible. .

Further, the Fourth Circuit Court of Appeals generally requires those opposing motions for summary judgment to submit supporting materials that are admissible at trial. Lorraine, 241 F.R.D. at 535 ("to be entitled to consideration on summary judgment, the evidence supporting the facts set forth by the parties must be such as would be admissible in evidence"). Although these cases in the Fourth Circuit specifically concern the non-moving party's materials, in each case the Court uses clear, broad language in declaring the standard for evidence submitted. For a non-moving party with the burden of proof at trial, "[m]aterial that is inadmissible will not be considered on a summary-judgment motion because it would not establish a genuine issue of material fact if offered at trial and continuing the action would be useless." Wright & Miller, Federal Practice and Procedure § 2727 (2010). Likewise, it stands to reason that for a moving party without the burden of proof at trial, evidence lacking authenticity cannot establish the absence of material dispute resulting in the fatal disposition of a case (A similar rationale is applicable regarding the use of hearsay. See e.g., Greensboro Prof'l Fire Fighters Ass'n Local 3157 v. Greensboro, 64 F.3d 962, 967 (4th Cir. 1995)

("evidence that is inadmissible at trial is not admissible for summary judgment"); United States Dept. of Housing and Urban Dev. v. Cost Control Mktg. & Sales Mgmt. of Virginia, Inc., 64 F.3d 920, 926 (4th Cir. 1995) ("hearsay, like other evidence inadmissible at trial, is ordinarily an inadequate basis for summary judgment"); Maryland Highways Contractors Ass'n. Inc., v. Maryland, 933 F.2d 1246, 1251-52 (4th Cir. 1991) (citing, among others, Rohrbough v. Wyeth Lab., Inc., 916 F.2d 970, 973-74 n.8 (4th Cir. 1990)).

> c.   *Affidavits or Declarations can provide the requisite authentication for documents considered at summary judgment.*

Rule 56, though, "is not unfailingly rigid." United States Dep't. of Housing and Urban Affairs v. Cost Control Mktg. & Sales Mgmt. of Virginia, Inc., 64 F.3d 920, 926 n.8 (4th Cir. 1995). "Evidence appropriate for summary judgment need not be in a form that would be admissible at trial ... Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves." Celotex Corp., 477 U.S. at 324. See also Global Policy Partners v. Yessin, No. 1:09cv859, 2010 WL 675241, at *6 (E.D. Va. Feb. 18, 2010) ("It is clear that evidence not in a form admissible at trial may nonetheless be considered in summary judgment."); Lorraine, 241 F.R.D. at 537-38. A "nonmoving party could defeat summary judgment with materials capable of being reduced to admissible evidence at trial."

17

Cost Control Mktg. & Sales Mgmt. of Virginia, Inc., 64 F.3d at 926 n.8 (citing

Celotex, 477 U.S. at 327). While admissibility is important, authenticity is

indispensible. The Court must have confidence in the evidence it considers,

particularly when it is contemplating a dispositive motion.

There is no affidavit or declaration that supports the testimony given by

Theodore Sabate, Gretchen Arlington or Lisa Reid nor were the statements made

under oath which makes their statements hearsay and/or inadmissible for purposes

of summary judgment.  Rather, Respondent provides a defective certification that

solely states that it is the record of the ATF hearing and not that the statements are

sworn under oath or otherwise admissible for purposes of summary judgment

under FRCP 56.  Affidavits or Declarations are such permissible forms of

authentication at summary judgment and are explicitly mentioned as such in Rule

56. "[T]o be admissible at the summary judgment stage, 'documents must be

authenticated by and attached to an affidavit that meets the requirements of Rule

56(e).'" Orsi, 999 F.2d 86, 92 (4th Cir. 1993) (quoting Wright and Miller, Federal

Practice and Procedure § 2722, at 58-60 (1983 & 1993 Supp.)). See also B & J

Enter. v. Giordano, 329 Fed. Appx. 411, 415 (4th Cir. 2009); DeBlois v. Gensel,

No. CCB-07-2596, 2009 WL 2713947 at *1 n. 1 (D. Md. Aug. 26, 2009); Meyers

v. Lazer Spot, Inc., No. L-05-3407, 2008 WL 2609386 at *4 (D. Md. June 25,

2008); Lorraine, 241 F.R.D. at 537-38. In the context of summary judgment,

affidavits must meet the requirements set forth in Rule 56, and affidavits that fail to meet these requirements are insufficient to authenticate materials. See DeBlois v. Gensel, No. CCB-07-2596, 2009 WL 2713947 at *1 n. 1 (D. Md. Aug. 26, 2009). A document can be rendered inadmissible on summary judgment if its affidavit does not meet the Rule 56 requirements. Similarly, it stands to reason that a document containing testimony with no supporting affidavit also cannot be considered on summary judgment. In the present case, the ATF does not present the Court with any affidavits authenticating the statements under oath within the ATF transcript submitted as the testimony of the individuals that testified at the ATF hearing including Lisa Reid, Arlington and Sabate. The law recognizes that affidavits are not the only way a document may be authenticated for summary judgment. Affidavits are not required for authentication, but a document may only be admitted for summary judgment without an affidavit if it is otherwise admissible. See Stanley Martin Co., Inc., 396 F. Supp. 2d at 612. The ATF neither submitted authenticating documents, nor were the exhibits they submitted otherwise admissible.

As Stanley Martin indicated, the value supporting the Rule 56 standards for affidavits is found in Federal Rule of Evidence 901 – that the item is what it purports to be. Fed. R. Evid. 901; Stanley Martin Co., Inc., 396 F. Supp. 2d at 613 (where materials were admissible on summary judgment because they met the Rule

901 standard for authenticity). In summary judgment "a party seeking to admit an exhibit need only make out a prima facie case showing that this is what he or she claims it to be." <u>Lorraine</u>, 241 F.R.D. at 542. Under the Federal Rules of Evidence, documents are rarely admitted on their face. More often, a foundation must be laid which at least supports a colorable argument for authenticity. The document may be admissible for other reasons, but the Court should have comfort in knowing that it is authentic. In summary judgment, a proper affidavit achieves this goal. This "requirement of authentication and identification also insures that evidence is trustworthy" in summary judgment. Id. The affidavits assure the Court that the evidence used to make its decision is authentic, and therefore the dispositive decision is reliable.

Rule 56 and Fourth Circuit jurisprudence make clear that the Court cannot merely rely on documents produced in discovery. By design, discovery unearths material that is inadmissible, such as: hearsay, opinion testimony, and theories. Rule 56 mandates a higher standard. Discovery mandates disclosing materials "reasonably calculated to lead to the discovery admissible evidence." Fed. R. Civ. P. 26(a)(1). However, summary judgment requires information sufficiently authentic to support the ruling of the Court.

>   *d.    Other United States Courts of Appeals also require that all materials submitted on summary judgment are authenticated.*

Some Federal Circuits have held explicitly that materials submitted in support of a motion for summary judgment must be admissible. See e.g., <u>Woods v. City of Chicago</u>, 234 F.3d 979 (2d Cir. 2000) (a "court may consider any evidence that would be admissible or usable at trial, including properly authenticated and admissible documents or exhibits."); <u>Walker v. Wayne Cnty, Iowa</u>, 850 F.2d 433, 435 (8th Cir. 1988) ("without a showing of admissibility, a party may not rely on hearsay evidence to support or oppose the motion" for summary judgment). Other United States Courts of Appeals have signaled that materials submitted for consideration on summary judgment by either the moving or non-moving parties must meet the Rule 56 standard. Though these cases evaluate evidence submitted by non-moving parties, they remain relevant here because these Courts use broad language that does not differentiate between moving and non-moving parties and speaks to evidence generally. See e.g., <u>Garside v. Osco Drug, Inc.</u>, 895 F.2d 46, 50 (1st Cir. 1990); <u>Martin v. John W. Stone Oil Distrib., Inc.</u>, 819 F.2d 547, 549 (5th Cir. 1987). The general standard is expressed well in <u>Goguen ex rel. Estate of Goguen v. Textron, Inc.</u>, 234 F.R.D. 13 (D. Mass. 2006):

>   Generally speaking, evidence must be admissible at trial in order to be considered on summary judgment. A significant exception is affidavits; under Rule Fed. R. Civ. P. 56(e), affidavits, although not

> themselves admissible at trial, may be offered in support of, or
> opposition to, summary judgment if they set forth facts that would be
> admissible under the Federal Rules of Evidence.

Id., at 16 (internal citations omitted).

There is no representation that any portion of the ATF's Motion is based

upon personal knowledge or sworn testimony under oath. The ATF certification is

clearly not based on personal knowledge or under oath while the witnesses'

testimony is not sworn or under oath or even attempted to be through an affidavit

or declaration despite having the opportunity.  This does not provide the necessary

foundations which would allow the Court to determine the admissibility of

evidence. The certification does not attest to the competency of any witness that

provided testimony supporting the ATF's motion and the denial of the FFL.

Accordingly, the Court cannot give weight to any factual aspect of the ATF's

motion.

> An affidavit or declaration used to support or oppose a motion must
> be made on personal knowledge, set out facts that would be
> admissible in evidence, and show that the affiant or declarant is
> competent to testify on the matters stated. Se Rule 56 (C)(4). Also, 28
> U.S.C. § 1746 allows a written unsworn declaration, certificate,
> verification, or statement subscribed in proper form as true under
> penalty of perjury to substitute for an affidavit.

**C.    There is a genuine dispute of material fact as to whether Gossard
       is a Straw Man.**

The ATF's argument that the record transcript of unsworn testimony by Lisa

Reid, Arlington or Sabate or that the testimony is true for each declared or sworn

22

under penalty of perjury is the proper basis of a summary judgment ignores not

only the admissibility standard needed to consider the statement for purposes of

summary judgment under Rule 56 but also the proper opposing sworn statements

made under penalty of perjury as true by Bryon Gossard that have not be

contradicted by similar statements or made under penalty of perjury suggests that

either Gossard's statement are to be considered as true only as there is no dispute

of material fact as to whether he alone is the responsible party of GIR.  The ATF

has made no attempt to provide record evidence of testimony that is admissible.

Respondent makes no effort to provide an evidentiary basis for the Court to

consider the substance of the transcripts or testimony.  Even if admissible,

Respondent's transcript even if it contradicts the statements made under oath by

Gossard does not equate to a showing of "no dispute of material fact" on the issue

of whether Gilbert should have been listed as a responsible person or that Gossard

was a user of marijuana. (J.A. 942; 948).   Conversely, it is Gossard who has

provided record evidence that is admissible that he alone is the responsible party

and has attested to that. (J.A. 942)

The ATF wrongly assumes that the testimony supporting the record to deny

Gossard's FFL is admissible evidence or proper for consideration on summary

judgment. A Reasonable Juror Can find in Favor of Gossard on the issue of

whether he alone not Gilbert was the responsible party and supported by the proper record to be considered.

### D.    Summary Judgment Without Discovery

As a general rule, summary judgment is appropriate only after "adequate time for discovery." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Temkin v. Frederick County Comm'rs, 945 F.2d 716, 719 (4th Cir. 1991), cert. denied, 502 U.S. 1095 (1992). "[S]ummary judgment must be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." Anderson, 477 U.S. at 250 n.5. There is no discovery allowed  to Gossard was informed at the ATF hearing that there is no discovery at the haring but will be allowed in the U.S. District Court Cite**.** Since Gilbert was not a party to the ATF hearing yet the ATF used documents and findings from years prior to when Gossard was employed by the Range and then offered a business opportunity. (J.A. 942; 948)

It is well established that the nonmoving party cannot complain that summary judgment was granted without discovery unless that party had made an attempt to oppose the motion on the grounds that more time was needed for discovery or moved for a continuance to permit discovery before the district court ruled. See Nguyen, 44 F.2d at 242. Federal Rule of Civil Procedure 56(f) permits a court to deny summary judgment or to order a continuance if the nonmovant shows

through affidavits that it could not properly oppose a motion for summary

judgment without a chance to conduct discovery. We, like other reviewing courts,

place great weight on the Rule 56(f) affidavit, believing that "[a] party may not

simply assert in its brief that discovery was necessary and thereby overturn

summary judgment when it failed to comply with the requirement of Rule 56(f) to

set out reasons for the need for discovery in an affidavit." Nguyen, 44 F.3d at 242

(citing Hayes v. North State Law Enforcement Officers Ass'n, 10 F.3d 207, 215

(4th Cir. 1993)); see also Rohrbaugh v. Wyeth Labs., Inc., 916 F.2d 970, 972 n.3

(4th Cir. 1990) (if plaintiffs arguing that summary judgment was premature

because they had inadequate time for discovery were "genuinely concerned," then

they should have sought relief under Rule 56(f)). The Second Circuit Court of

Appeals has similarly explained that "[a] reference to Rule 56(f) and to the need

for additional discovery in a memorandum of law in opposition to a motion for

summary judgment is not an adequate substitute for a Rule 56(f) affidavit . . . and

the failure to file an affidavit under Rule 56(f) is itself sufficient grounds to reject a

claim that the opportunity for discovery was inadequate." Paddington Partners v.

Bouchard, 34 F.3d 1132, 1137 (2d Cir. 1994) (internal citations omitted).

Here an affidavit was provided that raised a material fact was in dispute but

also

### E.    Collusion and Manufacturing of Evidence

The ATF argument that Gilbert is a responsible person is a pretext to punish Gilbert and therefore unlawfully punish Gossard which is unconstitutional. It is not disputed by the ATF that Gossard would secure his firearms in a separate cabinet under lock and key with no access to anyone other than Gossard that is separate and apart from Gilbert or Range business despite being located within a massive vault that stores other firearms for the Range members.  In other words, the firearms will be stored and sold through separate lock and key that Gilbert has no access to which is not disputed.  Rather the clever ATF seek to confuse the facts by stating that because GIR would be operating within the Massive vault used by the Range that it ignores the secured areas within the massive vault devoted to Gossard and his business GIR that is not under direct or indirect control by Gilbert.  This is no different that having a tenant operate within the premises that is a separate legal entity both factually and as a matter of law.   Otherwise, any property owned by Gilbert or any landlord like Gilbert would subject any potential tenant who seeks to obtain and sell firearms through an FFL application will be denied solely because he is the owner and has access to the door of the premises in a general sense when in fact the firearms cannot be accessed as they would be under separate cabinets under lock and key accessible only by Gossard. (J.A. 942).  In essence, the ATF seeks to continue to punish Gilbert by denying any FFL applicant on his premises that now includes Gossard which is a violation of Gossard's due process rights of a

fair and impartial proceeding.  Gilbert does not have the direct or indirect control

over Gossard when he would be operating GIR or have influence or control any

firearm transaction of GIR, under Gossard's FFL and therefore Gilbert cannot be

considered a responsible person. (J.A. 942).

        Gossard has stated that on or about November 16, 2012,  Ms.

Arlington representing the ATF admitted and represented that he was approved for

his FFL.   According to Arlington unsworn testimony in this matter, she admitted

that on November 16, 2012, after several inspections and interviews with Bryon

Gossard, that it was her opinion that Mr. Gossard would getting his an FFL. (J. A.

330-427).  This means that the ATF determined that Mr. Gilbert was not a

responsible party required to be named on the Gossard application.  The only thing

that changed after leaving Mr. Gossard and returning to her office was that Andrew

Raymond had contacted her supervisor Marie Linehan stating that Mr. Gossard

was a drug user and that Mr. Gilbert was the responsible party. (Id.)

Gretchen Arlington admitted and represented that Gossard had obtained his FFL

and was going to give Gossard his FFL number when she returned to her office.

Gossard was ecstatic and began informing members that he would be receiving his

FFL number and even contacted Andrew Raymond or Ted Sabate that he was

receiving his FFL.  Gossard later found out at the ATF hearing that Mr. Sabate or

Andrew Raymond immediately called Ms. Arlington of the ATF, to inform her that

Gossard was a user of marijuana. (J.A. 942; 948)

### F.    Court Abused its Discretion by Denying the Motion for Reconsideration

The court erred when it did not consider that the admission by Gretchen

Arlington that Gossard had been approved shows that summary judgment is

inappropriate and that the due process rights of Gossard are being abused by the

tactics employed by the ATF in denying his application while showing favoritism

and bias to competitors Sabate and Raymond, in a quid pro quo, to unlawfully

delay and deny Gossard's FFL application, which competitors were the basis of the

denial who have every motive to manufacture and lie as they benefited the most

financially and from the ATF for their assistance in denying Gossard's application.

## CONCLUSION

For the foregoing reasons, this Court should reverse the judgment of the

district court and remand for further proceedings.


Respectfully submitted,

/s/Athan T. Tsimpedes, Esq.                    Dated: May 15, 2017
Tsimpedes Law Firm
1200 New Hampshire Avenue, N.W. Suite 725A
Washington, D.C. 20036
Ph: 202-464-9910
Fax: 202-747-2947
att@tsimpedeslaw.com

# CERTIFICATE OF COMPLIANCE

1.      This brief complies with type-volume limits because, excluding the parts of the document exempted by Fed. R. App. R. 32(f) (cover page, disclosure statement, table of contents, table of citations, statement regarding oral argument, signature block, certificates of counsel, addendum, attachments):

      [ X ] this brief contains  6647 words.

      [    ] this brief uses a monospaced type and contains [*state the number of*] lines of text.

2.      This brief document complies with the typeface and type style requirements because:

      [ X ] this brief has been prepared in a proportionally spaced typeface using [*Microsoft Word 2007*] in [*14pt Times New Roman*]; *or*

      [    ] this brief has been prepared in a monospaced typeface using [*state name and version of word processing program*] with [*state number of characters per inch and name of type style*].

Dated: May 15, 2017                    /s/ Athan T. Tsimpedes
                                                       *Counsel for Appellant*

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on this 15th day of May, 2017, I caused this Brief of

Appellant and Joint Appendix to be filed electronically with the Clerk of the Court

using the CM/ECF System, which will send notice of such filing to the following

registered CM/ECF users:

Jane E. Andersen
OFFICE OF THE UNITED STATES ATTORNEY
36 South Charles Street
Baltimore, Maryland  21201

*Counsel for Appellee*

I further certify that on this 15th day of May, 2017, I caused the required

copies of the Brief of Appellant and Joint Appendix to be hand filed with the Clerk

of the Court.

/s/ Athan T. Tsimpedes
*Counsel for Appellant*